IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Community Health Systems, Inc.,

            Debtor.

Chapter 11

Case No. 14-11319

## MEMORANDUM DECISION

Debtor, Community Health Systems, Inc., filed an objection to claim number 41 of Dr. Phuoc Vuong who requested a hearing on the objection. At the preliminary hearing Dr. Vuong failed to appear. I allowed his claim for the vacation pay but gave the debtor 30 days to submit proof in support for the remainder of the objection. It did so by affidavit.

Dr. Vuong's claim, in the amount of $7,624.00, included vacation time and reimbursement for CME expenses. Dr. Vuong argued the claim should not be reduced because he was entitled to $3,500 annually for CME training and for 40 hours of paid CME time. He was scheduled to attend a CME on April 21st through 25th in 2014. He admitted that he would not have been able to receive reimbursement for these expenses until he attended the seminar, but argued his termination was unjust and he was entitled to the full $7,624.00 based on the employment contract.

When Dr. Vuong failed to appear at the preliminary hearing I declined to reduce the claim without further evidence. So, the debtor filed an affidavit from Julie Sprecher (the interim Chief Executive Officer) on July 27, 2015, stating that Dr. Vuong was terminated for cause on April 15, 2014. The termination letter outlined the reasons for termination along with a list of the remaining benefits and salary owed to him. CME course benefits were not listed. The affidavit

1

also included the employment contract CME addendum. The contract does not provide for any CME education courses after termination and lists the procedures for obtaining payment of the CME. The two most important steps are approval by the supervisor and completion of the CME with proof of credits earned. The affidavit states that those steps were not taken.

Under Section 502 of the Bankruptcy Code, once a creditor properly executes and files a proof of claim, that claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *see also In re Airadigm Communications, Inc.*, 376 B.R. 903, 909 (Bankr. W.D. Wis. 2007). The properly filed proof of claim is "prima facie evidence that a claim is valid." *In re Hood*, 449 F. App'x 507, 509 (7th Cir. 2011) (citing Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.")).

Logically, an "objection to a claim must provide some evidence to defeat the presumption of validity." *Airadigm*, 376 B.R. at 916. Thus, the burden is on the objecting party to produce "evidence sufficient to rebut the claim." *Hood*, 449 F. App'x at 509-10 (citing 11 U.S.C. § 502(b); *Matter of Carlson*, 126 F.3d 915, 921-22 (7th Cir. 1997)). The evidence provided by the objecting party "must be of a probative force equal to that of the allegations asserted in the claim." *In re Vanhook*, 426 B.R. 296, 298 (Bankr. N.D. Ill. 2010). Once the objecting party has provided sufficient evidence, the claimant "would bear the burden of proof de novo." *Airadigm*, 376 B.R. at 916.

In this case, debtor admitted it owed Dr. Vuong the regular vacation time totaling $2,682.53 but objected to the CME paid time off and the $3,500 benefit for CME classes because he was terminated before attendance of the CME and he never obtained approval for the course. Ms. Sprecher's affidavit contained the employment contract and CME addendum. The

2

addendum clearly indicates that Dr. Vuong needed to obtain approval and attend the CME to obtain a reimbursement. He submitted no proof of approval nor attendance at CME. The evidence before us supports the objection. Denial of the claims based on CME may be ordered.

Dated: August 25, 2015

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

3